IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

    **Plaintiff,**

    v.

ASPIRE REGIONAL PARTNERS, INC.,
*et al.*,

    **Defendants.**

Civil Action 2:22-cv-3071
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Quash, in Part, Non-Party Subpoena Duces Tecum. (Mot., ECF No. 41.) Plaintiff filed an opposition to Defendants' Motion. (Resp., ECF No. 42.) Defendants filed a reply to Plaintiff's opposition. (Reply, ECF No. 43.) Plaintiff filed a Motion Requesting Permission to Submit a Short Sur-Reply (ECF No. 44), and Defendants did not file a response.

This matter is now ripe for judicial review. Plaintiff's Motion (ECF No. 44) is **GRANTED**. For the reasons below, Defendants' Motion (ECF No. 41) is **DENIED**.

### I. BACKGROUND

On August 8, 2022, the Equal Employment Opportunity Commission ("EEOC") initiated this suit on behalf of Anthony Ayers-Banks ("Charging Party"). (Compl., ECF No. 1.) Plaintiff alleges that Defendants discriminated against Charging Party on the basis of sex orientation. (*Id.*) Plaintiff served a subpoena duces tecum on non-party COSO Media LLC d/b/a Virtual DataWorks ("DataWorks") with five document requests. (Resp. at PageID 229.) DataWorks

manages Defendants' email systems and databases. (*Id.* at PageID 215.) Defendants moved to quash the fifth document request.

> 5. Produce all communications that you sent or received relating to the duty to preserve information for case EEOC v. Aspire Regional Partners, Inc. et al., 2:22-cv-03071 (S.D. Ohio), including any litigation hold letters, all communications with the named Defendants in the case, any communications with any attorney(s) representing Defendants, and any communications discussing the accounts of former Northwood facilities' employee Anthony Ayers-Banks, Dashae Marie Hooper, James Jordan, J.D. Overman, Karen Moore, Jessica Link, or Jason Cooper.

("Request") (ECF No. 41-2, at PageID 228.)

Defendants argue that the Court should quash the Request because it seeks communications protected by the attorney-client privilege. (Mot. at PageID 214.) Defendants claim that the privilege applies because "the communications sought by the subpoena took place while DataWorks was acting as Defendants' agent and pursuant to an agreement to benefit a common interest in this litigation." (*Id.*)

Plaintiff responds that the attorney-client privilege does not apply because the purported relationship between DataWorks and Defendants does not establish the privilege and the common interest doctrine does not apply "on this record." (Resp. at PageID 241.) Plaintiff argues that if the privilege does apply, "Defendants' general claim of privilege fails to identify the materials being withheld and precludes EEOC and the Court from assessing whether the privilege actually applies to those materials." (*Id.*)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 45 governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a

reasonable time to comply," requires a non-party to travel more than 100 miles, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted). The party seeking to quash a subpoena bears the ultimate burden of proof. *Id.* (citing *White Mule Co. v. ATC Leasing Co. LLC,* No. 3:07-CV-0057, 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)).

Federal Rule of Civil Procedure 45(e)(2) governs a non-party's withholding of information on the grounds of privilege and is substantively identical to Federal Rule of Civil Procedure 26(b)(5)'s requirements as to a responding party. *Compare* Fed. R. Civ. P. 26(b)(5) ("[T]he party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."), *with* Fed. R. Civ. P. 45(e)(2)(A) ("A person . . . must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.").

Although a party generally lacks standing to seek to quash a subpoena issued to a nonparty, *see* Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, p. 435, an exception is made if the information sought implicates a party's personal right or privilege. *Hendricks*, 275 F.R.D. at n. 1 (S.D. Ohio 2011). The Court finds—and Plaintiff does not dispute—that Defendants have a sufficient interest to confer standing here.

3

Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court's Preliminary Pretrial Order requires the parties to arrange a conference with the Court if they are unable to reach an agreement on any matter related to discovery. (ECF No. 8.) There is no evidence that the parties complied with Local Rule 37.1 or the Court's Preliminary Pretrial Order. The Court will consider the briefing but warns the parties that failure to comply with the Court's Order and Local Rule 37.1 in the future may result in the Court denying a discovery motion.

### III. ANALYSIS

Defendants have failed to establish that the Request seeks communications protected by the attorney-client privilege. The elements of that privilege include the following: (1) Where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or the legal adviser; (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998) (citing *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)). "'Because the attorney-client privilege may, however, serve as a mechanism for frustrating the investigative or fact-finding process, the privilege is to be narrowly construed.'" *Id.* (quoting *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 177 (S.D. Ohio 1993)).

4

### A. Defendants' Agent Theory Fails.

The Court assumes, without deciding, that DataWorks is an agent of Defendants.[1] Defendants are correct that the attorney-client privilege can apply to agents of the clients that an attorney represents. *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, No. 2:17-CV-708, 2020 WL 5014914, at *8 (S.D. Ohio Aug. 25, 2020) ("communications between an attorney and a client's agent are protected under the attorney-client privilege") (citation omitted).

Defendants, however, fail to argue that the specific category of communications that they are contesting—those relating to the duty to preserve—are privileged. Defendants have not set forth with any specificity the actual nature of the information they seek to shield; nor have they convincingly demonstrated to the Court why they think such information would be privileged. Fed. R. Civ. P. 45(e)(2)(A). Instead, Defendants broadly contend that "communications between DataWorks and Defendants' counsel relating to the preservation, collection, and maintenance of custodial ESI are privileged." (Mot. at PageID 217.) Defendants fail to even make an argument that these communications relate to legal advice and are therefore privileged. In the absence of any meaningful reasoning, the Court concludes that the communications are not privileged.

### B. The Common Interest Doctrine is Inapplicable.

Defendants alternatively argue that the communications sought in the Request are privileged because they are subject to the common interest doctrine. (Mot. at PageID 217–19.) Defendants claim that common interest doctrine applies because DataWorks and Defendants have a "mutually beneficial goal: the preservation, collection, and production of custodial ESI in this lawsuit." (*Id.* at PageID 218.)

---

[1] Plaintiff does not contest that DataWorks is an agent of Defendants. The Court notes, however, Defendants' argument that DataWorks is an agent of Defendants is nominal at best.

"Under the common interest doctrine, a 'privileged communication can be exchanged without waiving the privilege, provided that the parties have an identical legal interest with respect to the subject matter of the communication.'" *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, No. 218CV02718, 2020 WL 4283277, at *2 (W.D. Tenn. Mar. 12, 2020), *aff'd*, No. 2:18-CV-02718, 2020 WL 4015476 (W.D. Tenn. July 16, 2020) (quoting *Ford Motor Co. v. Michigan Consol. Gas Co.*, 2013 WL 5435184, at *5 (E.D. Mich. Sept. 27, 2013) (citations and internal quotations omitted)).

The Court finds that the common interest doctrine does not apply here. Defendants fail to establish that DataWorks and Defendants have a common *legal* interest; rather, they have demonstrated that DataWorks' interest in this litigation is commercial. (Mot. at PageID 219.) Defendants, in effect, concede as much by arguing: "DataWorks has a mutually beneficial interest in the collection and production of records in this case because such efforts speak to a core facet of their business." (*Id.*) *See Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, No. 2:17-CV-708, 2021 WL 4891307, at *9 (S.D. Ohio Oct. 20, 2021) (refusing to apply common interest doctrine where party failed to demonstrate the existence of a common legal, not merely commercial, interest).

### C. Defendants Must Produce Litigation-Hold Communications.

Defendants posit that litigation-hold communications are privileged. (Mot. at PageID 217.) The EEOC counters that the Court should order production of the litigation-hold communications because Defendants' deletion of Charging Party's email account meets the requisite preliminary showing of spoliation. (Resp. at PageID 237–40.)

Generally, litigation-hold letters are privileged and not discoverable. *EPAC Techs., Inc. v. Thomas Nelson, Inc.*, No. 3:12-CV-00463, 2015 WL 13729725, at *6 (M.D. Tenn. Dec. 1, 2015) (citing *Little Hocking Water Ass'n, Inc. v. E.I. Dupont de Nemours & Co.*, No. 2:09-CV-

6

1081, 2013 WL 5311292, at *3 (S.D. Ohio Sept. 20, 2013)). Courts, including this one, have recognized, however, that "this rule is not absolute." *Id.* Indeed, "if a party makes a preliminary showing of spoliation, the court may order production of the litigation hold letters." *Id.* The inquiry is fact-intensive. *Id.* at *4 (citing *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2012 WL 1067889, at *9 (W.D.N.Y. Mar. 26, 2012)). A preliminary showing of spoliation requires more than speculative claims. *Id.*

"Federal law of spoliation applies to cases that are litigated in federal court." *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-00024, 2022 WL 3094320, at *5 (W.D. Ky. July 18, 2022), report and recommendation adopted, No. 3:16-CV-024, 2022 WL 3088102 (W.D. Ky. Aug. 3, 2022) (citing *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (en banc)); *see also Jones v. Staubli Motor Sports Div. of Staubli Am. Corp.*, 897 F. Supp. 2d 599, 608 (S.D. Ohio 2012) ("[T]he Sixth Circuit Court of Appeals clarified . . . it is *federal* law, not state law, that governs spoliation issues in a case pending in federal court.") (emphasis in original). Broadly, the term spoliation refers to "'the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction.'" *Phoenix Process*, 2022 WL 3094320, at *5 (quoting *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003)). Spoliation sanctions are appropriate upon the satisfaction of three conditions: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the accused party destroyed the evidence with a culpable state of mind; and (3) the evidence destroyed is relevant to the other side's claim or defense. *Id.* (citing *McCarty v. Covol Fuels No. 2, LLC*, 664 F. App'x 372, 378 (6th Cir. 2016)); *see also Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (citations omitted).

7

"[A] party to civil litigation has a duty to preserve relevant information, including ESI, when that party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). In addition, "the 'culpable state of mind' element may be satisfied by showing only that 'the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently.'" *Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn*, 502 F. App'x 523, 532 (6th Cir.2012) (quoting *Beaven*, 622 F.3d at 554). To establish relevance, the party seeking sanctions must make "'some showing indicating the destroyed evidence would have been relevant to a contested issue . . . such that a reasonable trier of fact could find that it would support that claim[.]'" *Phoenix*, 2022 WL 3094320, at *5 (quoting *Beaven*, 622 F.3d at 555) (internal quotation omitted). "The relevance factor does not require proof that the lost or destroyed evidence would be dispositive of the party's claim." *Id.* (citing *McCarty*, 664 F. App'x at 379).

Plaintiff has met its burden of making a preliminary showing of spoliation sufficient to support its discovery request. Defendants do not contest that Plaintiff has met its burden, and instead make the inapposite argument that Plaintiff's "spoliation argument" is neither "ripe nor relevant." (Reply, at PageID 327–28.) As a threshold matter, the Court rejects Defendants' assertion that Plaintiff's spoliation argument is not ripe. No federal rule dictates the timing of a request for spoliation sanctions. Defendants also fail to provide any support for their proposition that "Plaintiff's spoliation argument is outside the bounds of the Defendants' initial Motion." (*Id.*) In reality, Defendants' request to quash Plaintiff's request for litigation-hold communications places Plaintiff's spoliation argument squarely within the bounds of their Motion.

8

First, Plaintiff has demonstrated that Defendants had a duty to preserve Charging Party's email. At the latest, Defendants were put on notice of their duty on October 15, 2020, when they received notice of Charging Party's EEOC charge, which included the preservation of records requirement under 29 C.F.R. § 1602.14. (Resp. at PageID 235; ECF No. 42-2, at PageID 259; *see Goodale v. Elavon, Inc.*, No. 23-5013, 2023 WL 9111441, at *4 (6th Cir. Dec. 12, 2023) (affirming district court's holding that filing an EEOC charge triggered employer's duty to preserve); *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 818 (N.D. Ohio 2024) (courts will "consider the filing of an EEOC charge a sufficient trigger for the duty to preserve evidence") (citing to *Chatman v. Trugreen Ltd. P'ship*, No. 22-CV-2705, 2023 WL 8284401, at *3 (W.D. Tenn. Nov. 30, 2023) (collecting cases)).) In addition, Defendants should have known that Charging Party's email account might be relevant to future litigation, particularly because there was still an ongoing EEOC administrative investigation when the account was deleted. (Resp. at PageID 230–31; ECF No. 42-5.)

Second, Plaintiff has demonstrated the culpable state of mind element. Defendants first claimed that Charging Party's email account was deleted because of a standard Information Technology ("IT") protocol. (ECF No. 42-5, at PageID 265.) Plaintiff asserts, and Defendants do not contest, that several former employees' email accounts have not been deleted in conflict with the IT policy. (Resp. at PageID 231.) Once Plaintiff requested the standard IT protocol, Defendants changed their explanation. (*Id.*) Defendants then claimed that Charging Party's email account was deleted because DataWorks routinely deletes mailboxes after 180 days of inactivity following termination. (*Id.*; ECF No. 42-6, at PageID 288.) Although Defendants do not contest this element, the Court notes that their explanations do not reduce their culpability. *See Freeman v. Collins*, No. 2:08-CV-71, 2014 WL 325631, at *8 (S.D. Ohio Jan. 29, 2014)

9

("Defendants suggestion that the records were not destroyed with a culpable state of mind because they were recycled in the regular course of business is equally unpersuasive.")

Third, records in Charging Party's email account are relevant.  Plaintiff has made "some showing" that records in Charging Party's email account are relevant to the contested issue of Charging Party's job performance and the reason for his termination.  (*See* Resp. at PageID 236–37.)  Plaintiff asserts, and Defendants do not contest, that Defendants are using the missing emails "to argue that Charging Party cannot produce any communications demonstrating he effectively performed the job of maintenance director." (*Id.* at PageID 236.)

Accordingly, the Court concludes that Plaintiff has met its burden of making a preliminary showing of spoliation sufficient to support its discovery request for litigation-hold communications.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion Requesting Permission to Submit a Short Sur-Reply (ECF No. 44) is **GRANTED**, and Defendants' Motion to Quash, in Part, Non-Party Subpoena Duces Tecum (ECF No. 41) is **DENIED**.

**IT IS SO ORDERED.**

Date: December 5, 2024                  /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **UNITED STATES MAGISTRATE JUDGE**