## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : |
| **Plaintiff,** | |
| v. | Case No. 2:22-cv-3071<br>**Chief Judge Sarah D. Morrison**<br>**Magistrate Judge Elizabeth A.**<br>**Preston Deavers** |
| **ASPIRE REGIONAL PARTNERS, INC.,** *et al.*, | : |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Defendants MSTC Development, Inc., Springfield SNF, Inc., and Springfield Clark ALF, Inc.'s[1] Objections[2] to the Magistrate Judge's December 5, 2024, Order denying their Motion to Quash. (ECF No. 56.) The Objections are fully briefed and ripe for review.

For the reasons below, Defendants' Objections are **OVERRULED**.

### I.     BACKGROUND

Defendants terminated Anthony Ayers-Banks in September 2020. (Compl., ECF No. 1.) Mr. Ayers-Banks believed he was terminated because of his sexual

---

[1] Aspire Regional Partners, Inc. does not actively operate and did not join the other Defendants' Objections. (Defs.' Obj. 3 n.1, ECF No. 3.)

[2] Defendants' filing is both an Objection to the Magistrate Judge's Order and a Motion to Reconsider. Motions to reconsider magistrate judge's orders on non-dispositive matters are construed as objections. *Asamoah v. Amazon.com Services, Inc.*, No. 2:20-cv-3305, 2022 WL 765212, at *2 (S.D. Ohio Mar. 14, 2022) (Marbley, J.) (citations omitted).

orientation. (*Id.*) He filed a charge of discrimination with the EEOC, which subsequently filed this action on his behalf. (*Id.*) In discovery, Defendants informed the EEOC that Mr. Ayers-Banks' email account had been deleted in March 2021, six months after he filed his charge of discrimination. (Defs.' Obj. 9, ECF No. 58.)

Defendants' email accounts are administered by a third-party vendor, COSO Media, LLC d/b/a Virtual DataWorks. The EEOC served DataWorks with a subpoena with five requests for production. Defendants moved to quash the fifth request on the basis of attorney-client privilege; the fifth request required DataWorks to:

> Produce all communications that you sent or received relating to the duty to preserve information for case EEOC v. Aspire Regional Partners, Inc., et al., 2:22-cv-03071 (S.D. Ohio), including any litigation hold letters, all communications with the named Defendants in the case, any communications with any attorney(s) representing Defendants, and any communications discussing the accounts of former Northwood facilities' employee Anthony Ayers-Banks, Dashae Marie Hooper, James Jordan, J.D. Overman, Karen Moore, Jessica Link, or Jason Cooper.

Defendants did not submit a privilege log or request an *in camera* review of the responsive documents. The Magistrate Judge denied Defendants' Motion to Quash and Defendants object to that denial.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio

2

1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

Defendants challenge the Magistrate Judge's Order as both clearly erroneous and contrary to law.

### III. ANALYSIS

Defendants argue that (i) the Magistrate Judge's finding that Defendants failed to specify the nature of the communications sought to be protected, and failed to establish that these communications contained privileged legal advice is contrary to law; (ii) the finding that the "common interest" doctrine does not apply because DataWorks' interest in this litigation is commercial rather than legal is contrary to law; and (iii) the finding that the EEOC made a preliminary showing of spoliation, and thus is entitled to discovery of litigation hold letters, is clearly erroneous and contrary to law.

### A. Defendants failed to establish that the communications are privileged.

The party seeking to quash a subpoena bears the burden of proof. *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 253 (S.D. Ohio 2013) (Newman, J.). Federal Rule of Civil Procedure 26(b)(5)(A) requires a party claiming privilege to "(i)

3

expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

To demonstrate attorney-client privilege, the party asserting the privilege must identify that the communication (1) sought legal advice of any kind; (2) from a professional legal adviser in his capacity as such; (3) the communication related to that purpose; (4) was made in confidence; (5) by the client; (6) is at his insistence permanently protected; (7) from disclosure by himself or the legal adviser; (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998).

Relying on the assumption that DataWorks is Defendants' agent, Defendants alleged in their Motion to Quash that the subpoenaed communications were protected by attorney-client privilege. But Defendants did not describe the nature of the communications and did not claim that the communications related to legal advice. In their Objection to the Magistrate Judge's Order, Defendants argue that the communications are privileged because they "sought to gather information that would allow counsel to provide legal advice to Defendants in relation to document production efforts and Defendants' discovery obligations." (Defs.' Obj. 7, ECF No. 58.)

Defendants did not establish that these communications were privileged in their Motion to Quash, and their Objection still fails to establish that the documents

4

responsive to the subpoena are privileged. The Magistrate Judge's Order was not contrary to law.

### B. The common interest doctrine does not apply.

The common interest doctrine expands the scope of attorney-client privilege by, among other things, allowing parties who are represented by separate attorneys to freely exchange privileged documents without waiving the privilege when those parties share a common legal interest in the outcome of litigation. *MPT, Inc. v. Marathon Labels, Inc.*, No. 1:04 CV 2357, 2006 WL 314435, at *6 (N.D. Ohio Feb. 9, 2006). A commercial interest cannot alone invoke the doctrine. *See Elvis Presley Enters., Inc. v. City of Memphis, Tennessee*, No. 218CV02718SHMDKV, 2020 WL 4283277, at *2 (W.D. Tenn. Mar. 12, 2020), *aff'd*, No. 2:18-CV-02718, 2020 WL 4015476 (W.D. Tenn. July 16, 2020). For the doctrine to apply, the underlying shared communication must be privileged. *Id.*

The Magistrate Judge found that DataWorks' interest in this litigation was commercial, rather than legal. Defendants object to this finding, arguing (i) Defendants and DataWorks have a common interest in protecting the privileged status of communications relating to ESI discovery efforts, and; (ii) the common interest doctrine is applicable to a defendant's ESI vendor when the vendor is the keeper of records necessary for responding to discovery. (Defs.' Obj. 8, ECF No. 58.)

As Defendants admit, "DataWorks would be significantly hampered in its ability to service clients" if these communications are found to be outside the protections of privilege. (*Id.*) This supports the Magistrate Judge's finding that DataWorks' interest is a commercial one. Although a party can have both a

5

commercial and legal interest in the outcome of litigation, Defendants have failed to establish that DataWorks' interest in the outcome of this litigation is legal.

Moreover, because Defendants have failed to establish that the underlying communications are privileged, the common interest doctrine does not apply.

The Magistrate Judge's conclusion was not contrary to law.

    **C.**    **Defendants must produce litigation-hold communications.**

Although litigation-hold letters are generally privileged and not discoverable, if a party makes a preliminary showing of spoliation, a court may order production of the litigation hold letters. *EPAC Techs., Inc. v. Thomas Nelson, Inc.*, No. 3:12-cv-00463, 2015 WL 13729725, at *6 (M.D. Tenn. Dec. 1, 2015) (citing *Little Hocking Water Ass'n, Inc. v. E.I. Dupont de Nemours & Co.*, No. 2:09-cv-1081, 2013 WL 5311292, at *3 (S.D. Ohio Sept. 20, 2013) (McCann King, M.J.)). To make a preliminary showing of spoliation, the party claiming spoliation must show (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the accused party destroyed the evidence with a culpable state of mind; and (3) the evidence destroyed is relevant to the other side's claim or defense. *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-cv-00024-CHB, 2022 WL 3094320, at *5 (W.D. Ky. July 18, 2022), *report and recommendation adopted*, No. 3:16-cv-024-CHB, 2022 WL 3088102 (W.D. Ky. Aug. 3, 2022).

In their briefing on their Motion to Quash, Defendants argued only that the EEOC's spoliation arguments were neither "ripe nor relevant" and did not contest that the EEOC had made a preliminary showing of spoliation.

> 1. **Defendants had an obligation to preserve Mr. Ayers-Banks' email account when it was deleted.**

The EEOC believes that Mr. Ayers-Banks' email account was deleted in March 2021. (Pl.'s Resp. to Mot. to Quash 3, ECF No. 42.) Defendants had a duty to preserve the email account by October 2020, when Mr. Ayers-Banks filed his charge with the EEOC. *Buddenberg v. Est. of Weisdack*, 711 F.Supp. 3d 712, 818 (N.D. Ohio 2024) (noting that courts consider the filing of an EEOC charge a sufficient trigger for the duty to preserve evidence). After the Motion to Quash was briefed, the Magistrate Judge issued her Order, and the EEOC responded to Defendants' Objections, Defendants argued for the first time that the account might have been deleted as early as September 3, 2020. Issues not raised before the magistrate judge are considered waived for the purposes of the district court's review. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

> 2. **Defendants deleted Mr. Ayers-Banks account with a culpable state of mind.**

Once the duty to preserve arises, an entity cannot knowingly or negligently delete relevant information, even in the ordinary course of business. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 532 (6th Cir. 2012) (explaining that "the 'culpable state of mind' element may be satisfied by showing only that 'the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently.'"). In their Motion to Quash, Defendants did not contest that DataWorks deleted the email account in the ordinary course of business, after 180 days of inactivity. The Magistrate Judge found culpability on this basis.

7

Defendants object that the Magistrate Judge's Order "held that Plaintiff had established a culpable state of mind based on its finding that Defendants changed their explanation for the deletion of Ayers-Banks' custodial email account." (Defs.' Obj. 9, ECF No. 58.) This was not the basis of the Magistrate Judge's conclusion.

### 3. The deleted emails were relevant to the EEOC's claims.

Defendants do not contest that emails that Mr. Ayers-Banks sent to at least seven people are relevant to the EEOC's claims.[3] Instead, they argue that the Magistrate Judge made a mistake of fact when she assumed that, because DataWorks deleted Mr. Ayers-Banks' email account, any emails he sent to or received from those seven people were also deleted. Defendants claim these emails should exist in the preserved accounts of those people.

Although emails from Mr. Ayers-Banks could exist in the accounts of other individuals, if any of those individuals permanently deleted emails that Mr. Ayers-Banks sent to them during his employment, those emails are now inaccessible. The Magistrate Judge did not make a clear error in finding that at least some relevant emails could have been forever deleted when his email account was deleted.

---

[3] Defendants argue that the EEOC has not shown that any other emails in Mr. Ayers-Banks account are relevant to its claims. This argument was waived, as it was not raised before the Magistrate Judge, and unnecessary for the Court to analyze, because deleting Ayers-Banks account possibly deleted emails that Defendants concede are relevant.

8

Because the Magistrate Judge's findings on each element were neither clearly erroneous nor contrary to law, her conclusion that the EEOC made a preliminary spoliation showing was neither clearly erroneous nor contrary to law.

## IV.     CONCLUSION

Based upon the foregoing analysis, Defendants' Objections to the Magistrate Judge's Order denying their Motion to Quash are **OVERRRULED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**