IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

      **Plaintiff,**

             **Civil Action 2:22-cv-3071**
             **Chief Judge Sarah D. Morrison**
      v.        **Magistrate Judge Elizabeth P. Deavers**

**ASPIRE REGIONAL PARTNERS, INC.,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Equal Employment Opportunity Commission's ("EEOC") Motion to Compel Defendants to Produce Information and Documents. (Mot., ECF No. 45.)  Defendants filed a Response.  (Resp., ECF No. 51.)  EEOC filed a Reply in support of its Motion to Compel.  (Reply, ECF No. 57.)  This matter is ripe for judicial review. For the reasons stated herein, EEOC's Motion is **GRANTED**.

**I.    BACKGROUND**

On August 8, 2022, EEOC initiated this suit on behalf of Anthony Ayers-Banks ("Charging Party").  (Compl., ECF No. 1.)  Plaintiff alleges that Defendants discriminated against Charging Party on the basis of sex orientation.  (*Id.*)  EEOC moves the Court to compel Defendant to respond to Requests for Production ("RPF") Nos. 13–14, 23, and 25.  (Mot. at PageID 334.)  EEOC also asks the Court to compel Defendants to answer Interrogatory Nos. 7–8, 12–20, and 22.  (*Id.*)  "Further, EEOC moves the Court to compel all Defendants to verify the answers to EEOC's Second Set of Interrogatories under oath."  (*Id.*)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that the parties met these prerequisites.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). S*ee also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015) ("outer boundaries of permissible discovery are quite broad in the federal courts"). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is

"negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* the Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them"). The Rule 26(b) proportionality factors are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### III. ANALYSIS

EEOC requests the Court to compel Defendants to produce responsive documents to RFP Nos. 13–14, 23, and 25; answer Interrogatory Nos. 7–8, 12–20, and 22; and verify their answers

to EEOC's Second Set of Interrogatories under oath. (Mot. at PageID 341.) The Court will first address the parties' arguments regarding Defendants' potential waiver of their objections.

Throughout its Motion, EEOC contends that Defendants waived their objections to certain discovery responses. EEOC argues that Defendants' first objections to Interrogatory Nos. 7–8 and 12–14 violated Rule 33(b)(4) because they were non-specific and boilerplate. (Mot. at PageID 351–52.) EEOC further alleges that Defendants asserted new objections in their supplemental discovery responses that were untimely pursuant to Rule 33(b)(2). (*Id.* at PageID 352.) Defendants respond that they have not waived their objections because they submitted timely objections in their first responses to the discovery requests at issue, and their supplemental objections were not new, they "simply provided clarifying information and case law regarding the nature of its original objections." (Resp. at PageID 668.) Defendants note that EEOC denied their request for an extension of time to provide their initial responses, the parties met and conferred regarding Defendants' initial responses, and Defendants served supplemental responses after the meet and confer. (*Id.*) Plaintiff does not address Defendants' assertions regarding the meet and confer. Additionally, neither party provides relevant case law in support of their positions.

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016) (citing *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)). This, however, is not a bright-line rule. "[C]ourts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the

4

waiver is equitable." *Id.* Due to the history of the parties and their frequent inability to resolve discovery disputes, and the Court's preference to address the merits of any issue, the Court declines to decide the issue of waiver and will resolve the discovery disputes based on the parties' briefing.

      A.      **Request for Production No. 14**

In RFP No. 14, EEOC requests documents regarding Defendants' corporate identity, employer status, and operation as an integrated enterprise. (Mot. at PageID 342.) EEOC argues that RFP No. 14 seeks relevant information to its allegations that Defendants operated jointly or as an integrated enterprise, is proportional to the needs of the case, and is not an overbroad request. (*Id.* at PageID 342–43.) Defendants counter that RFP No. 14 is "broad in time" and "not proportional to this case because the request should be limited to the time-period of Ayers-Banks' employment."[1] (Resp. at PageID 669–70.) In support, Defendants claim that "[a]ny attempt to expand the temporal scope beyond this relevant time-period is beyond the scope of its initial investigation and is immaterial to establishing liability on the EEOC's present claims against the Defendants" and cite to three cases without further analysis. (Resp. at PageID 669.) Defendants do not contest the relevancy of RFP No. 14.[2] The parties agree, however, that

---

[1] Defendants include a conclusory statement that RFP No. 14 is unduly burdensome. (Resp. at PageID 670.) This falls far below their burden to establish a discovery request as unduly burdensome. *See Peterson v. Corby*, 347 F.R.D. 192, 195 (E.D. Mich. 2024) ("A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment.") (citing *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410–11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743–44 (8th Cir. 2018)).

[2] The Court does not consider one sentence and one case citation an argument that RFP No. 14 seeks irrelevant information: "The EEOC's motion to compel additional production under RFP No. 14 is thus of marginal importance to resolving the issue of the integrated employer test as it relates to corporate organization. *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 U.S. Dist. LEXIS 44029, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) ('[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses.')." (Resp. at PageID 671.)

5

Defendants have produced some documents in response to RFP No. 14. (Mot. at PageID 346; Resp. at PageID 670–71; Reply, at PageID 776–77.)

It is not clear to the Court what the remaining dispute regarding production of specific documents is between the parties. Defendants, however, fail to persuade the Court that RFP No. 14 is overbroad in scope or time. Defendants assert that they have produced articles of incorporation and a sublease agreement for the Northwood assisted living facility. (Resp. at PageID 670–71.) They also claim that they produced a variety of documents related to their corporate organization, clearly demonstrating that they understand what type of documents RFP No. 14 seeks. (*Id.*) This belies their contention that RFP No. 14 is "seemingly limitless [in] scope" and they would have to "scour every internal record to identify each commercial contract, board meeting, reference to corporate officers, or reference to corporate structure." (*Id.*) In contrast, EEOC lists out specific documents in its Reply that it claims Defendants have not produced: articles of incorporation for each Defendant; documents that reflect registered tradenames for each Defendant; agreements to transfer operations and related assets regarding operation of the Northwood facilities; and a sublease agreement for the Northwood assisted living facility. (Reply, at PageID 776–77.)

Further, Defendants provide no support for their assertion that the time period for RFP No. 14 should be limited to Charging Party's employment period. Rather, Defendants inexplicably provide wholly inapplicable citations to three out-of-circuit cases without analysis. (Resp. at PageID 669.) None of these cases aid Defendants. For instance, in *E.E.O.C. v. CRST Van Expedited, Inc.*, the Eighth Circuit reviewed the lower court's grant of several dispositive motions and did not hold that the appropriate time-period of discovery requests is limited to an employee's employment period. 679 F.3d 657, 675 (8th Cir. 2012). Defendants refer the Court

6

to page three in *U.S. E.E.O.C. v. ABM Indus. Inc.*, which is a summary of the discovery issues in dispute. No. 1:07-CV-01428, 2008 WL 5385618, at *3 (E.D. Cal. Dec. 23, 2008). Moreover, the court in that case did not address the appropriate time-period of discovery requests but instead analyzed the geographic scope of discovery. (*Id.*) In *U.S. E.E.O.C. v. Bass Pro Outdoor World, LLC, et al.*, the court ruled on a motion for summary judgment and a motion to amend the complaint and did not address the appropriate time-period of discovery requests. 1 F. Supp. 3d 647, 671 (S.D. Tex. 2014).

Instead, the Court agrees with EEOC that information related to EEOC's integrated enterprise claims, including common ownership, common management, and interrelation of operations, is not dependent on Charging Party's employment period. (Reply, at PageID 774.) As EEOC notes, "Defendants should not be excused from providing basic information about owners, executive officers, and management of Defendants because it does not correspond exactly with Charging Party's period of employment." (*Id.*)

As relevancy is not contested and Defendants' scope argument falls short, EEOC's Motion (ECF No. 45) with respect to RFP No. 14 is **GRANTED**. Defendants are **ORDERED** to produce the following documents unless previously produced from January 1, 2017, to the present:[3]

- Articles of incorporation for each Defendant;
- Registered tradename documentation for each Defendant;
- Agreements to transfer operations and related assets regarding operation of the Northwood facilities; and

---

[3] Given the length of this case and the parties' numerous discovery disputes, the Court finds it reasonable to limit the time period to "present" as of the day EEOC served the requests, instead of the date of the Court's Opinion and Order, for all of the discovery requests at issue here.

7

- a sublease agreement for the Northwood assisted living facility.

B.     **Interrogatory Nos. 7–8 and 12–14**

Through Interrogatory Nos. 7–8 and 12–14, EEOC seeks information regarding Defendants' executive officers and owners. (Mot. at PageID 346–51.) EEOC argues that the information sought is relevant, proportional, and not overbroad. (*Id.* at PageID 351–53.) EEOC contends that the information is relevant because it is related to allegations in the Complaint and denials in the Answers regarding Defendants' integrated-enterprise status. (*Id.* at PageID 353.) Further, EEOC notes that Defendants limit their responses to Interrogatory Nos. 7–8 and 13–14 by Charging Party's employment period but do not impose the same restriction on their response to Interrogatory No. 12, describing this limitation and distinction as unreasonable, nonsensical, and arbitrary. (*Id.* at PageID 354.)

Defendants object because the requests are "overbroad in time" and assert that EEOC has not established the relevance of the information outside of Charging Party's employment. (Resp. at PageID 671.) Defendants claim they fully responded to Interrogatory No. 7 because no information exists for the time period of Charging Party's employment: "[t]hough formed as an entity in 2019, Aspire Regional Partners, Inc. has not operated as an entity, issued shares, or appointed company officers, and it has no assets or employees." (*Id.* at PageID 672.) Regarding Interrogatory No. 8, Defendants assert that the information EEOC seeks is overboard, irrelevant, and/or has already been produced. (*Id.* at PageID 672.) Defendants specifically object to identifying the worksite location of Defendant MSTC Development, Inc.'s ("MSTC") President as "irrelevant, or of minimal relevance, because he was an owner of both MSTC and the Northwood facilities. As such, his choice of office location at any given time would not reflect the designated corporate office location of the entities, which have been identified." (*Id.*) In response to Interrogatory Nos. 12–14, Defendants contend that job titles, dates of ownership, and

8

work locations of their owners is irrelevant, overboard, and unduly burdensome. (*Id.* at PageID 673.) Defendants claim that providing the identity of the entities' owners during Charging Party's employment is sufficient for the integrated enterprise test without further analysis. (*Id.*)

EEOC reiterates that information pertinent to the integrated enterprise test does not depend on Charging Party's employment period: "the dates of ownership or dates of service for an owner, executive officer, or manager may have started prior to and ended after Charging Party's employment." (Reply, at PageID 774.)

The Court finds that Interrogatory Nos. 7–8 and 12–14 are relevant and within the scope of Rule 26(b). EEOC has met its burden and established that the executive officers, owners, and related basic information are relevant to its claims regarding Defendants' integrated enterprise status. "An integrated enterprise exists between companies when they share: a. interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; b. common management, common directors and boards; c. centralized control of labor relations and personnel; and d. common ownership and financial control." *E.E.O.C. v. R&L Carriers, Inc.*, 664 F. Supp. 3d 784, 797 (S.D. Ohio 2023). The information EEOC seeks relates directly to the integrated enterprise factors and therefore bears on its claims. Further, Defendants' conclusory statements again fail to persuade the Court that EEOC's requests must be limited to the period in which Charging Party worked for them. With respect to Interrogatory Nos. 7–8 and 12–14, the Court **GRANTS** EEOC's Motion. (ECF No. 45.) Defendants must supplement their responses and respond in full to Interrogatory Nos. 7–8 and 12–14.

C. **Interrogatory Nos. 15–18**

EEOC requests employee lists from each Defendant: employee name, "date of hire, date of separation, job title, and worksite address." (Mot. at PageID 355–58.) EEOC argues that the information sought is relevant, proportional, and not overbroad. (*Id.* at PageID 359.) EEOC

9

contends that this information is "probative of Defendants' employer status and corporate interrelationship" and probative of who makes employment decisions. (*Id.* at PageID 358.) Further, EEOC claims that this information will allow it to identify witnesses with knowledge of Charging Party's discrimination claims. (*Id.* at PageID 359.) EEOC proposed limiting Interrogatory Nos. 17 and 18 to "identification of employees who are department heads, administration personnel, maintenance personnel, and individuals performing human resources services," but Defendants rejected the proposal. (*Id.* at PageID 360.)

Defendants counter that Interrogatory Nos. 15–18 are a fishing expedition and overbroad. (Resp. at PageID 673–75.) Defendants point to EEOC's contention that identifying employees will enable EEOC to identify witnesses who "may have knowledge of" Defendants' "favorable treatment of workers other than Charging Party" as "quintessential fishing." (Mot. at PageID 359; Resp. at PageID 674.) Defendants again claim that the temporal scope of Interrogatory Nos. 15–18 should be limited to Charging Party's employment period. (Resp. at PageID 675.) Additionally, Defendants assert that they have already identified Administrators, Maintenance Directors, Directors of Nursing, and individuals who worked in the maintenance department. (*Id.* at PageID 673–74.)

In its Reply, EEOC argues for full compliance with Interrogatory Nos. 15–18 based on Defendants' contention that compensatory and punitive damages are capped at $100,000, which

> suggests that Defendants' position is that they employ "fewer than 201 employees." *See* 42 U.S.C.A. § 1981a. Based on this contention, which they just recently raised in their response to the motion to compel, EEOC's position is that not only are employee lists for each Defendant relevant for purpose of employer status, but they are also relevant for the purpose of determining Defendants' employee count.

(Reply, at PageID 777.)

10

The Court finds that Interrogatory Nos. 15–18 are relevant and within the scope of Rule 26(b). EEOC alleges that Defendants "unlawfully discriminated against Charging Party by subjecting him to disparate treatment and terminating his employment" under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981a. (ECF No. 1, Compl. at PageID 1–2, 8.) 42 U.S.C. § 1981a provides maximum compensatory damages based on the number of employees the employer(s) employs. 42 U.S.C. § 1981a(b)(3). Defendants' employee lists are relevant because the number of employees bears on Charging Party's claim for damages.[4] In addition, identifying employees who may be similarly situated to Charging Party bears on Charging Party's disparate treatment claim. Defendants provide no support that the time period for Interrogatory Nos. 15–18 should be limited to Charging Party's employment period and fail to persuade the Court that Interrogatory Nos. 15–18 are overbroad. Instead, the Court agrees with EEOC: "[l]imiting the discovery period to 'a time frame which merely brackets the contested employment action would foreclose plaintiff from elucidating past practices or identifying a pattern.'" *Lamaute v. Power*, 339 F.R.D. 29, 38 (D.D.C. 2021) (citing *Nuskey v. Lambright*, 251 F.R.D. 3, 10 (D.D.C. 2008)). The Court, therefore, **GRANTS** EEOC's Motion (ECF No. 45), with respect to Interrogatory Nos. 15–18.

D.  **Request for Production No. 13**

In RFP No. 13, EEOC seeks employee records of individuals who worked with Charging Party and individuals who provided maintenance services for Defendants. (Mot. at PageID 360–62.) EEOC contends that Defendants' production is deficient and it "cannot be accurate" that

---

[4] The parties are **DIRECTED** to continue to meet and confer regarding these Interrogatories. For instance, if Defendants stipulate that they employ more than 201 employees, that may obviate the need for every information on every employee. Moreover, given the benefit of this Opinion and Order, Defendants may wish to reconsider their rejection of EEOC's proposal to limit the scope of the Interrogatories.

11

Defendants' subsequent searches did not result in additional documents because Defendants produced similar information for other employees. (*Id.* at PageID 361.) In particular, EEOC seeks production of separation of employment information for employees who Defendants already identified termination dates and for a former employee, Ms. Hooper, who Defendants questioned regarding her termination without producing any records reflecting that termination. (*Id.* at PageID 361–62.)

Defendants respond that no additional "personnel documents" exist, "[s]eparation forms are not the sole (or even primary) method by which an entity can track employment dates, and the circumstances surrounding Ms. Hooper's termination is [sic] simply institutional knowledge. Separation forms are not necessary to produce any of this information . . . ." (Resp. at PageID 675.) Defendants also claim that EEOC contends that Defendants "should perform periodic reviews of current employees' files and produce any new personnel records as they are created." (*Id.* at PageID 676.)[5]

EEOC replies that Defendants misunderstand RFP No. 13 and have limited the request to "personnel documents." (Reply, at PageID 778.) EEOC notes that Defendants admit that there are other types of documents beyond separation forms that contain employment separation information. (*Id.* at PageID 779.)

The Court agrees with EEOC that Defendants are incorrectly limiting RFP No. 13. RFP No. 13 seeks more than only "personnel documents": the "complete contents of any and all files or other collections of documents, including but not limited to, any personnel files, payroll files, benefits files, disciplinary files, job performance files, or manager's or supervisor's files. . . ." (Mot. at PageID 360.) Defendants maintain they do not have separation forms for certain

---

[5] Defendants do not provide support for this assertion, and the Court finds none.

12

employees but acknowledge that "[s]eparation forms are not necessary to produce any of this information" and do not deny that they have any documents that reflect separation of employment information for those employees. (Resp. at PageID 675.) Accordingly, if documents exist that reflect separation of employment information for the employees described in RFP No. 13, Defendants must produce them. If Defendants do not have a single record that reflects the circumstances of Ms. Hooper's termination, or any of the other employees described in RFP No. 13, Defendants must supplement their answer to RFP No. 13 with that affirmative denial. While both parties focus their arguments on 'separation forms," to the extent that Defendants have withheld other documents based on their incorrect limitation, they must produce those documents or supplement their answer with an affirmative denial. EEOC's Motion (ECF No. 45) regarding RFP. No. 13 is **GRANTED**.

E.      **Request for Production Nos. 23 and 25 and Interrogatory No. 22**

In its Motion and Reply, EEOC requests that the Court order Defendants to respond to Request for Production Nos. 23 and 25 and Interrogatory No. 22 in accordance with the Court's Opinion and Order ("Opinion & Order") (ECF No. 56) denying Defendants' Motion to Quash. (Mot. at PageID 362–64; Reply, at PageID 774–76.) In its Opinion & Order, the Court found that EEOC met its burden of making a preliminary showing of Defendants' spoliation and held that non-party COSO Media LLC d/b/a Virtual DataWorks must produce the litigation hold communications requested by EEOC. *U.S. E.E.O.C. v. Aspire Reg'l Partners, Inc.*, No. 2:22-CV-3071, 2024 WL 4986997, at *5 (S.D. Ohio Dec. 5, 2024), *objections overruled*, No. 2:22-CV-3071, 2025 WL 1115300 (S.D. Ohio Apr. 15, 2025).

The discovery requests at issue are as follows:

> REQUEST FOR PRODUCTION NO. 23:
> Produce all communications relating to the loss, deletion, or destruction of Charging Party's email account.

13

> REQUEST FOR PRODUCTION NO. 25:
> Produce all documents related to any litigation holds applicable to the instant litigation.
>
> INTEROGATORY NO. 22:
> Identify the individuals who received a litigation hold notice relating to Charging Party's allegations of discrimination. Include the names of, job title, and dates of employment of the recipients hold notice(s) and the dates of issue.

(Mot. at PageID 362–63.) Defendants first objected to these discovery requests on the basis of attorney-client and work-product privileges, scope, and proportionality and claimed that they are "unaware of any nonprivileged communications as the email deletion occurred as part of an automatic processes [sic]." (*Id.*) In their Response, Defendants argue that EEOC failed to establish spoliation and even if it did, EEOC's requests are not proportional. (Resp. at PageID 677–81.)

As EEOC notes, the Court previously held that EEOC met its burden of making a preliminary showing of spoliation. *Aspire Reg'l Partners, Inc.*, 2024 WL 4986997, at *5. Nothing in Defendants' Response persuades the Court to reach a different conclusion here. Defendants' remaining argument is that RFP Nos. 23 and 25 and Interrogatory No. 22 are not proportional.[6] Defendants, however, make this conclusory statement without any analysis and fail to mention the Rule 26(b) proportionality factors. The Court, therefore, **GRANTS** EEOC's Motion (ECF No. 45) with respect to Request for Production Nos. 23 and 25 and Interrogatory No. 22.

---

[6] Defendants label the communications EEOC seeks as "privileged" but fail to make any argument in support. (Resp. at PageID 680–81.) To the extent Defendants attempt to incorporate their privilege arguments from their Motion to Quash Subpoena (ECF No. 41), the Court is not persuaded for the same reasons it provided in its Opinion & Order. *Aspire Reg'l Partners, Inc.*, 2024 WL 4986997.

F.         Interrogatory No. 19

Through Interrogatory No. 19, EEOC seeks employees whose email accounts were deleted pursuant to the same policy under which Defendants claimed Charging Party's email account was deleted. (Mot. at PageID 365.) EEOC argues that this discovery request is proportional, not overbroad, and probative of spoliation: "Charging Party's email account was deleted but other former employees' email accounts remain intact and accessible for purposes of this litigation. . . ." (*Id.*) Defendants counter that Interrogatory No. 19 is "not proportional because it is impossibly overbroad, unduly burdensome, and has no bearing on the claims in this case or regarding spoliation." (Resp. at PageID 681.)

The Court finds that the information sought in Interrogatory No. 19 is relevant to and probative of EEOC's spoliation claim for the same reasons the Court found that EEOC demonstrated the culpable state of mind element for a preliminary showing of spoliation. *Aspire Reg'l Partners, Inc.*, 2024 WL 4986997. Again, nothing in Defendants' attempt to relitigate this issue, yet again, persuades the Court to find otherwise. Defendants' remaining argument, beyond the conclusory statement that the request is "impossibly broad," is that the request is unduly burdensome. (Resp. at PageID 681–82.)

Defendants fail to convince the Court that compliance with Interrogatory No. 19 would be unduly burdensome. Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2) "require objections to interrogatories and requests for production of documents to be made with specificity. A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment." *Peterson*, 347 F.R.D. at 195 (citing *In re Heparin Products Liab. Litig.*, 273 F.R.D. at 410–11; *Vallejo*, 903 F.3d at 743–44). In analyzing the extent of the burden on the producing party, the Sixth Circuit Court of Appeals has held that

15

limiting the scope of discovery is appropriate when compliance "would prove *unduly* burdensome," not merely expensive or time-consuming. *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (emphasis added).

While Defendants provided an affidavit in support of their unduly burdensome argument, the affiant only states without more that compliance would be "extremely time consuming" and Defendants "would incur significant costs as a result." (ECF No. 51-12, at PageID 744.) The Court cannot, on this record, determine whether compliance would unduly burdensome instead of merely expensive or time-consuming. *See William Powell Co. v. Nat'l Indem. Co.*, No. 1:14-CV-00807, 2017 WL 1326504, at *12 (S.D. Ohio Apr. 11, 2017), *aff'd sub nom. William Powell Co. v. OneBeacon Ins. Co.*, No. 1:14-CV-807, 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, No. 1:14-CV-00807, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017) (finding party failed to demonstrate responding to discovery requests would be unduly burdensome in part because party did not make "a factual showing that it would be either costly or particularly time-consuming to comply with the proposed discovery requests"). EEOC's Motion (ECF No. 45) is **GRANTED** with respect to Interrogatory No. 19.

### G. Interrogatory No. 20

In Interrogatory No. 20, EEOC seeks the identities of all individuals "involved in the deletion of Charging Party's email account." (Mot. at PageID 366.) EEOC argues that Interrogatory No. 20 is proportional, not overbroad, and relevant to its spoliation claim. (*Id.* at PageID 366.) EEOC contends that Defendants "do not have to speculate about who was involved in deleting Charging Party's email account when they admit they were in communication with Virtual DataWorks about his account after the termination . . . and about preserving information relevant to this case." (*Id.* at PageID 367.) Defendants respond that "EEOC's request for the identity of individuals involved in the deletion of Ayers-Banks'

16

custodial email has been answered through document production served by DataWorks." (Resp. at PageID 683.)

The Court finds that Defendants' answer to Interrogatory No. 20 is nonresponsive and evasive. Defendants cannot point to another entity's production and expect EEOC to guess the identities of individuals who Defendants knew were involved with the deletion of Charging Party's email account. "Because Rule 33(b)[3] requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories." *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *3 (E.D. Mich. Sept. 7, 2016) (citing *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) (citing 7–33 Moore's Federal Practice–Civil § 33.103)); *see also Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, or declarations.").

Defendants' response is not the equivalent of "saying the requested information is not within a particular defendant's possession and/or control," nor does it raise any objection to relevancy or dispute proportionality. *ABM Indus. Inc.*, 2008 WL 5385618, at *9. EEOC's Motion (ECF No. 45) is **GRANTED** with respect to Interrogatory No. 20.

### H. Verifications

EEOC asserts that only one defendant, Defendant Springfield SNF, Inc., has verified its answers to EEOC's Second Set of Interrogatories pursuant to Federal Rule of Civil Procedure Rule 33(b)(3). (Mot. at PageID 367–68.) In their Response, Defendants agree to produce verifications. (Resp. at PageID 683.) Accordingly, this issue is **moot**. Defendants are

17

**ORDERED** to provide their verifications within **SEVEN DAYS** of this Order if they have not already complied with Rule 33(b)(3).

IV. **CONCLUSION**

For the foregoing reasons, EEOC's Motion to Compel is **GRANTED**. (ECF No. 45.)

- **Request for Production No. 14** – Defendants are **ORDERED** to produce, unless previously produced: articles of incorporation for each Defendant; registered tradename documentation for each Defendant; agreements to transfer operations and related assets regarding operation of the Northwood facilities; and a sublease agreement for the Northwood assisted living facility.

- **Interrogatory Nos. 7–8 and 12–14** – Defendants are **ORDERED** to respond in full.

- **Interrogatory Nos. 15–18** – Defendants are **ORDERED** to respond in full.

- **Request for Production No. 13** – Defendants are **ORDERED** to respond in full, as detailed herein, or supplement their responses with affirmative denials.

- **Request for Production Nos. 23 and 25 and Interrogatory No. 22** – Defendants are **ORDERED** to respond in full.

- **Interrogatory No. 19** – Defendants are **ORDERED** to respond in full.

- **Interrogatory No. 20** – Defendants are **ORDERED** to respond in full.

- **Verifications** – Defendants are **ORDERED** to provide verifications, unless previously provided, within **SEVEN DAYS** of this Order.

**IT IS SO ORDERED.**

Date: May 5, 2025    /s/ *Elizabeth A. Preston Deavers*

                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **UNITED STATES MAGISTRATE JUDGE**