IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES EQUAL**
**EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

    **Plaintiff,**

                                              Civil Action 2:22-cv-3071
                                              Chief Judge Sarah D. Morrison
    v.                                           Magistrate Judge Elizabeth P. Deavers

**ASPIRE REGIONAL PARTNERS, INC.,**
*et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Quash and Motion for Protective Order. (Mot., ECF No. 64.) Defendants filed an Opposition to Plaintiff's Motion. (Resp., ECF No. 70.) Plaintiff filed a Reply in support of its Motion. (Reply, ECF No. 72.) This matter is now ripe for judicial review. For the following reasons, Plaintiff's Motion (ECF No. 64) is **GRANTED**.[1] Defendants' subpoena ("Subpoena") served on Ollie's Bargain Outlet Holdings, Inc. ("Ollie's) is **QUASHED**.

**I.**    **BACKGROUND**

On August 8, 2022, the Equal Employment Opportunity Commission ("EEOC") initiated this suit on behalf of Anthony Ayers-Banks ("Charging Party"). (Compl., ECF No. 1.) Plaintiff alleges that Defendants discriminated against Charging Party on the basis of sex orientation. (*Id.*)

---

[1] It appears that Plaintiff seeks a protective order in the alternative but does not provide any argument. As the Court grants Plaintiff's Motion to Quash, it need not address its request for a protective order.

In September 2024, Defendants served the Subpoena on Ollie's, one of Charging Party's previous employers.  (ECF No. 64-2.)  Defendants request production of "[a]ll documents relating to your employment of Anthony Ayers-Banks, including but not limited to job descriptions, performance reviews, discipline, documents relating to Mr. Ayers-Banks separation of employment, job applications, and internal investigations."  (*Id*. at PageID 857.)  In Defendants' Response, they narrow their request to "records reflecting Charging Party's applications for employment, performance, discipline, job duties, and separation from employment."  (Resp. at PageID 976.)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 45 governs third-party subpoenas.  Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).  Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," requires a non-party to travel more than 100 miles, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  Although Rule 45 does not list relevance or overbreadth as reasons to quash a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26."  *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted).  Generally, the "party seeking to quash a subpoena bears the ultimate burden of proof."  *Id*.  The burden, however, can shift if the movant challenges relevancy: "[i]f the discovery sought appears 'relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance' but 'when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.'"  *Id.* (quashing part of subpoena when non-movant failed to establish relevancy)

2

(citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)); *see also Lawrence for Est. of Hoffman v. Madison Cnty.*, No. 5:13-CV-383, 2015 WL 13636281, at *2 (E.D. Ky. Feb. 24, 2015) (noting exception to the general rule applies when relevancy not evident from face of request).

Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court's Preliminary Pretrial Order requires the parties to arrange a conference with the Court if they are unable to reach an agreement on any matter related to discovery. (ECF No. 8.) The Court is satisfied the parties met these prerequisites.

### III. ANALYSIS

The Court finds that Defendants fail to demonstrate that their Subpoena seeks relevant information and must be quashed.

#### A. Standing

The Court finds that Plaintiff has standing to seek to quash the Subpoena. "Courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Hendricks*, 275 F.R.D. at 253. Plaintiff argues that it has standing because it brought this suit on behalf of Charging Party, and Charging Party has a personal interest in his employment records. (Mot. at PageID 842–43.) Defendants counter that Plaintiff only has standing to raise objections as to privacy interests and failed to raise any such objection. (Resp. at PageID 970–71.) Defendants fail to provide any binding authority to support this distinction; nor do they provide

any argument as to why the Court should adopt such a distinction. Accordingly, Plaintiff has standing to seek to quash the Subpoena.

### B. Procedurally Defective

Plaintiff argues that Defendants' Subpoena is procedurally defective and must be quashed because it commands the production of documents outside of the permissible geographic limit prescribed by Rule 45. (Mot. at PageID 844.) Defendants counter that "the subpoena properly seeks compliance at a place within 100 miles of a location where Ollie's regularly transacts business in person." (Resp. at PageID 970.) Plaintiff does not address Defendants' arguments in its Reply. Because the Court concludes the documents sought in the Subpoena are not relevant, the Court need not address Plaintiff's concern that the Subpoena is procedurally defective.

### C. Relevance

The Court finds that the Subpoena is not relevant on its face. Defendants seek certain employment records from Ollie's where Charging Party worked as a part of or led a store building team. (Resp. at PageID 969.) In contrast, Charging Party worked as a maintenance director for Defendants. (*Id.* at PageID 967.) Accordingly, Defendants must demonstrate that their request is relevant. *Hendricks*, 275 F.R.D. at 253.

Defendants fail to demonstrate that the information sought in the Subpoena is relevant. Defendants' arguments regarding relevancy are not clear. First, Defendants cite several cases in which courts have found certain records from former employers within the scope of discovery. Defendants, however, fail to demonstrate why the cases are applicable to this case. And the Court itself cannot discern how these cases apply in the context of relevancy. (Resp. at PageID 971–72.) Second, Defendants claim that Plaintiff must establish that Charging Party was qualified and Defendants' reasons for firing Charging Party were pretextual. (*Id.* at PageID 972.) Defendants then elaborate on that point by asserting Charging Party placed his

4

qualifications at issue when he "contend[ed] that he had maintenance experience and oversaw maintenance teams during his employment with Ollie's." (*Id.* at PageID 972–73.) A review of the portions of Charging Party's deposition transcript demonstrates that Charging Party **did not** contend that he gained maintenance experience from his employment at Ollie's, contrary to Defendants' implausible characterization of his deposition testimony. (ECF No. 70-3, at PageID 981, 983–84.) Nor did Charging Party put his "qualifications at issue." As Plaintiff notes, Charging Party describes his building team work at Ollie's in direct response to Defendants' questions about his employment history. (*Id.*; Mot. at PageID 845–48.) For example:

> Q. Then it says 2011 you went to work as a store team leader at Ollie's Bargain Outlet?
>
> A. Correct.
>
> Q. And what were you doing as a store team leader?
>
> A. So with Ollie's, I began as store setup, so building fixtures, building components, helping set up the fundamentals of what makes a retail store work.
>
> (*Id.* at 19:17–25).
>
> \*\*\*
>
> Q. And then you got a job at -- back at Ollie's Bargain Outlet?
>
> A. Correct.
>
> Q. So you were doing that in 2018. And what were you doing there?
>
> A. I came back in as store leadership.

(Mot. at PageID 845 (citing Charging Party's deposition transcript).)

Defendants' insufficient relevancy arguments aside, the Court cannot fathom, on this record, how Charging Party's experience related to building stores or managing store setup for Ollie's is relevant to Defendants' proffered reason for his termination—performance—or his qualifications as a maintenance director at a skilled nursing facility.

5

Defendants also contend that they are entitled to Charging Party's records from Ollie's because of Charging Party's "credibility issues." (Mot. at PageID 973, 975.)

> Charging Party has also given inconsistent testimony regarding his reasons for leaving employment at other prior employers. A-B Dep. at 18:1, 25:8-15. This inconsistency, in conjunction with his allusion to "complicated" reasons for leaving his employment at Ollie's, is cause enough to conduct discovery regarding his prior employment. AB Dep. at 20:1-16.

(*Id.* at PageID 973.) Defendants **again** misconstrue Charging Party's testimony. First, the "inconsistency" Defendants refer to does not persuade the Court that Charging Party has a credibility issue. Defendants' attempt to create an inconsistency between Charging Party's testimony that he voluntarily left Elder Beerman and that "Elder Beerman was mutually – they wanted me gone, I wanted to be gone" falls short. (ECF No. 70-1, 18:1, 25:14–15.) Next, Defendants' attempt to manufacture a credibility issue over Charging Party's reasons for leaving Ollie's is similarly unpersuasive. Defendants claim that "Charging Party testified that he resigned from Ollie's for "complicated" reasons, but then succinctly explained that he had resigned after his manager denied a leave request." (Mot. at PageID 969.) The portion of the deposition transcript that Defendants cite is as follows:

```
                                              Page 2
1    Q.  All right. So you worked there for
2  approximately six years?
3    A.  Correct.
4    Q.  And your reason for leaving there?
5    A.  It's a complicated answer.
6    Q.  Okay. Uncomplicate it, if you can.
7    A.  I was dealing with the loss of my mother.
8  As she was actively passing, my manager called me
9  and said, Well, we've got inventory, you need to be
10 in here.
11       At that point in time it was very clear
12 that the company did not value me as a person, just
13 me as a representative, so I sought other
14 employment.
15   Q.  Okay. So you resigned there?
16   A.  Correct.
```

6

(ECF No. 70-3, at PageID 981.)  Whether Charging Party's reason for leaving was complicated or not does not equate to a "credibility issue"; Charging Party's "uncomplicated" response does not contradict his "complicated" response.  Notably, Defendants fail to provide any case law to support their claims that these types of "credibility issues" entitle them to Charging Party's prior employment records.

Finally, Defendants challenge Charging Party's credibility based on a "significant qualifying limitation" Charging Party added during his deposition to his prior written statement. (Resp. at PageID 973.)  Charging Party's deposition transcript reads:

```
 4     Q.  And then you say in here that throughout
 5  your employment you -- "I was openly honest with
 6  highest levels of management about my lack of skill
 7  set towards maintenance," correct?
 8     A.  Yes.
 9     Q.  Okay.
10     A.  That should have read maintenance in
11  managing a skilled nursing facility.
```

(ECF No. 70-3, at PageID 986.)  Even if Charging Party's "significant qualifying limitation" rose to the level of an inconsistency, which it doesn't, that would not necessarily entitle Defendants to discovery.  Defendants fail to demonstrate that Charging Party's employment records from Ollie's would enable them to evaluate Charging Party's credibility.  Again, Defendants do not provide an example of Charging Party claiming he performed maintenance work at Ollie's.

Accordingly, the Court concludes that Defendants fail to demonstrate that the information sought in the Subpoena is relevant.   The subpoena must be quashed.

7

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Quash (ECF No. 64) is **GRANTED**.

**IT IS SO ORDERED.**

**Date: August 7, 2025**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**